# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINALD WILLINGHAM, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-3196 |
| | : | |
| WEST GOSHEN POLICE | : | |
| DEPARTMENT, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**RUFE, J.**                                                                                                       **SEPTEMBER 26, 2022**

Reginald Willingham has filed an Amended Complaint asserting civil rights claims along with a Motion to Proceed *In Forma Pauperis*.[1] Named as Defendants are the West Goshen Police Department,[2] and West Goshen Police Officers Robert A. Gilbert, Stephen Hiro, Joseph R. Virgilio, Braden M. Walsh, and Josha Cumens (collectively "the Police Officer Defendants").[3]

---

[1] The Clerk of Court opened this civil action when a letter (ECF No. 1) that Reginald Willingham mailed to the United States District Court for the District of Delaware was transferred to this Court. Because it was unclear from the letter whether Willingham sought to bring one or more civil actions, an Order filed on August 16, 2022 (ECF No. 6) directed Willingham to file an Amended Complaint setting forth his claims, and pay the filing fee or seek *in forma pauperis* status. On September 16, 2022, the Court received Willingham's Amended Complaint, Motion to proceed *in forma pauperis* and his institutional account statement. (ECF Nos. 8, 9, 10.)

[2] Willingham listed the West Goshen Township Police Department in the caption of his Amended Complaint, but did not include it in the list of Defendants. The Court will liberally construe the Amended Complaint as including the West Goshen Township Police Department as a named Defendant.

[3] When the Clerk initially opened the civil action, "West Chester Prison" was listed as a Defendant because it was mentioned in Willingham's letter. Because Willingham has not asserted a claim in the Amended Complaint against West Chester Prison, the Clerk will be directed to terminate it as a Defendant.

The Police Officer Defendants are named in their official capacities.[4] For the following reasons, the Motion to Proceed *In Forma Pauperis* will be granted and the Complaint will be dismissed without prejudice.

## I.   FACTUAL ALLEGATIONS

Willingham's allegations are brief. He asserts that the Police Officer Defendants assaulted him on January 9, 2022, while he was being arrested. (Am. Compl. (ECF No. 8) at 7-8.)[5] In the assault, he suffered a "busted" lip and forehead, his face was rubbed on the ground, he was kicked and choked, he was held down with a knee to his back, his nose was broken, and teeth were knocked out. (*Id*. at 7.) Willingham asserts he had blood in his urine for five months following the incident. (*Id*.) According to Willingham, a witness observed Defendants Gilbert, Hiro, Virgilio and Walsh during the incident, while Willingham himself was face down while being kicked. (*Id*. at 8.) He also asserts that unspecified persons called him by racial slurs and he was spat on. (*Id*.) Willingham seeks money damages.[6]

---

[4] In drafting his Amended Complaint, Willingham may not have understood the implication of checking the official capacity box on the form complaint he used. Because, as discussed later, he does not attempt to allege an actual official capacity claim, the Court will liberally construe the Amended Complaint to assert claims against the Police Officer Defendants in their individual capacities as well. *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("To determine whether a plaintiff sued state officials in their official capacity, we first look to the complaints and the course of proceedings." (quotations omitted)); *Coward v. City of Philadelphia*, No. 21-1619, 2021 WL 4169422, at *3 (E.D. Pa. Sept. 13, 2021) (permitting claim against defendant in his individual capacity to proceed event though "[plaintiff] did not check the box indicating a desire to sue [that defendant] in his individual capacity" where the allegations clearly sought relief based on the defendant's conduct).

[5] The Court adopts the pagination supplied by the CM/ECF docketing system to Willingham's entire submission.

[6] Included with Willingham's Complaint is a handwritten note stating, "I am going to wait until I get out of jail to file the lawsuit." (ECF No. 6 at 1.) The Court understands Willingham to be referring to a provision in the Court's prior Order in which the Court recognized that in his letter, Willingham might have been attempting to assert a separate claim

## II.   STANDARD OF REVIEW

Willingham is granted leave to proceed *in forma pauperis*.[7] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not

---

against prison officials based on the conditions of his confinement, in addition to an excessive force claim. (*See* ECF No. 6 at 1-2.) For this reason, the Court directed the Clerk of Court to send Willingham two blank complaint forms. The Court understands the handwritten note to indicate that Willingham does not intend to proceed on the conditions of confinement claim at this time.

Willingham also included another handwritten page indicating that he may also seek to bring claims against the West Chester Police Department and Newtown Township Police Department. (ECF No. 2.) He asserts he did not have sufficient time to include those claims in his Amended Complaint. (*Id.*) Because the Court determines that certain claims contained in the Amended Complaint must be dismissed without prejudice, and because Willingham will be granted another opportunity to flesh out those claims, he will have an additional opportunity to include claims involving West Chester and Newtown police if he seeks to proceed with this lawsuit. However, as will be explained, Willingham's existing claim against the West Goshen Police Department cannot proceed. When drafting his second amended complaint, Willingham should be mindful of the Court's reasons for dismissing the West Goshen Police Department if he intends to bring claims against other police departments.

[7] Because Willingham is a prisoner, he must still pay the $350 filing fee in installments as required by the Prison Litigation Reform Act.

3

suffice. *Iqbal*, 556 U.S. at 678. As Willingham is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

Willingham asserts constitutional claims against the Defendants, which are brought under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### A. Claim Against West Goshen Township Police Department

Willingham has named the West Goshen Township Police Department as a Defendant. Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See, e.g., Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016).

Therefore, the West Goshen Police Department is not a proper defendant in this case under § 1983 and is dismissed.

### B. Official Capacity Claims

Willingham has named the Police Officer Defendants in their official capacities. Claims against municipal level officials named in their official capacity are indistinguishable from claims against the municipality that employs them, here West Goshen Township. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* To state a plausible claim for municipal liability, a plaintiff must allege that the municipality's policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Because Willingham fails to allege that a policy or custom of West Goshen Township caused his constitutional rights to be violated, his official capacity/*Monell* claims against the Police Officer Defendants are not plausible and must be dismissed. However, because the Court cannot say at this time that Willingham can never allege a plausible official capacity/*Monell* claim, the dismissal will be without prejudice and Willingham will be given the opportunity to file a second amended complaint if he is capable of curing the defects the Court has identified in these claims.

### C. Individual Capacity Claims

The individual capacity claims against the Police Officer Defendants for excessive force will be served for responsive pleading. To assert a constitutional claim for excessive force as an unreasonable seizure, a plaintiff must allege plausibly that: (a) a seizure occurred; and (b) that seizure was unreasonable. *Rivas v. City of Passaic*, 365 F.3d 188, 198 (3d Cir. 2004); *see also Graham v. Connor*, 490 U.S. 386, 395 (1989) ("[A]ll claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard. . . ."). While Willingham's allegations are brief and he concedes he was face down and could not see the Officers who were beating him, he alleges a witness to the incident did see the police officers beating him. At the statutory screening stage, his allegations raise a plausible inference that the Police Officer Defendants are the officers who used excessive force on him. *See Jutrwoski v. Twp. Of Riverdale*, 904 F.3d 280, 289-92 (3d Cir. 2018) (discussing excessive force cases in the context of a summary judgment motion in which individual liability was difficult to discern and discussing cases that suggest this decision is more often made in the summary judgment context).

## IV. CONCLUSION

For the reasons stated, Willingham's claim against the West Goshen Police Department is dismissed with prejudice and the official capacity claims against the Police Officer Defendants are dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court is prepared to serve the Amended Complaint on the Police Officer Defendants in their individual capacities. Willingham, however, will be afforded the option of filing a second amended complaint to cure the defects in his official capacity claims and add

additional defendants, or proceeding only on his individual capacity claims against the Police Officer Defendants. An appropriate order follows giving Willingham additional instructions on filing a second amended complaint.

        **BY THE COURT:**

        /s/ Cynthia M. Rufe

        _____
        **CYNTHIA M. RUFE, J.**