IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINALD WILLINGHAM, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-3196 |
| | : | |
| WEST GOSHEN POLICE | : | |
| DEPARTMENT, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**RUFE, J.**                                                                                                                                                           **NOVEMBER 15, 2022**

In a prior Memorandum and Order, *Willingham v. West Goshen Police Dep't*, No. 22-3196, 2022 WL 4490118 (E.D. Pa. Sept. 26, 2022), the Court dismissed with prejudice the claims against the West Goshen Police Department and dismissed without prejudice the official capacity claims against West Goshen Police Officers Robert A. Gilbert, Stephen Hiro, Joseph R. Virgilio, Braden M. Walsh, and Josha Cumens for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court granted Willingham the option of filing a second amended complaint to cure the defects in his official capacity claims and add additional defendants or proceeding only on his individual capacity claims against the West Goshen Police Officers. Willingham has opted to file a Second Amended Complaint (ECF No. 14), in which he names the West Goshen Police Officers, as well as West Chester Police Officers Micaela Winter, Kuehn, Sgt. Brad Bergey, and Paul Widmayer.[1] For the following reasons, Willingham's

---

[1] Willingham filed another pleading, also listed on the docket as an "Amended Complaint," but which is actually a motion to further amend his Amended Complaint. (*See* ECF No. 16 at 1). Willingham seeks to add a claim against the prosecutor in his criminal case. While Willingham identified this person as "Robert Boggin, Esq. attorney for the Commonwealth," it appears that Willingham intended to name Robert Goggin, an Assistant District Attorney in Chester County. Willingham alleges that Goggin incarcerated him without evidence. According to the public records, Goggin is the attorney for the Commonwealth in Willingham's criminal

property loss claim will be dismissed, and the Court will direct service for a responsive pleading.[2]

## I. FACTUAL ALLEGATIONS

Briefly stated, Willingham alleges that Officers Gilbert, Hiro, and Kuehn used excessive force and assaulted him on January 9, 2022, while he was being arrested. (SAC at 7-8.)[3] He also asserts they and other police officers directed racial epithets at him and his girlfriend. (*Id*.) During the assault Willingham was slammed to the ground, held face down, and could not directly observe which particular police officers banged his head on the ground, rubbed his face against the ground, and otherwise assaulted him. (*Id*.) He asserts that it was Kuehn who held him down with a knee to his back. (*Id*.) While he was being assaulted, unknown officers grabbed

---

proceedings. *See Commonwealth v. Willingham*, CP-15-CR-0000565-2022 (C.P. Chester Cnty.). Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Absolute immunity extends to the decision to initiate a prosecution, *Imbler*, 424 U.S. at 431, including "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings," *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), presenting a state's case at trial, *Imbler*, 424 U.S. at 431, and appearing before a judge to present evidence. *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020). As there are no allegations that fall outside the scope of this immunity, any proposed amendment as to this Defendant will be dismissed.

[2] Willingham also mailed to the Clerk of Court documents with the caption of his state criminal case, specifically seeking discovery in his state criminal case (ECF No. 17) and seeking to dismiss his criminal case under Pennsylvania Rule of Criminal Procedure 600 (ECF No. 18). This Court has no jurisdiction in this civil case over anything to do with the criminal proceeding, and Plaintiff must seek any relief in his state criminal case by filing in that court.

[3] The Court adopts the pagination supplied by the CM/ECF docketing system to Willingham's entire submission.

Willingham's girlfriend from the car they were in, pulling her out of a car window by her head.[4] (*Id*. at 7-8.)

Willingham alleges that the other police officers conspired by witnessing the event without stopping it or reporting it. (*Id.* at 8.) Willingham's girlfriend allegedly witnessed the officers engage in this conduct. (*Id.*) Unknown officers allegedly also stole $80 and Willingham's cell phone. (*Id.*) Perhaps suggesting that the property was confiscated in the course of the arrest, Willingham also asserts that an unidentified officer told him he did not have the phone but later contacted his carrier without a warrant to try to get his phone PIN.[5] (*Id.*) Willingham alleges that he suffered physical injuries in the incident and seeks money damages. (*Id.* at 11-12.)

A review of publicly available records indicates that Willingham was arrested by West Goshen Township police on January 9, 2022. *See Commonwealth v. Willingham*, CP-15-CR-0000565-2022 (C.P. Chester Cnty.). Defendant Gilbert is listed as the arresting officer. (*Id.*) Willingham, who has been represented by counsel in the criminal proceedings, was charged with fleeing or attempting to elude an officer, receiving stolen property, recklessly endangering

---

[4] Willingham states he "did not add her to complaint" but will split any award of damages with her and describes injuries that she suffered. (*Id.* at 7, 11-12.) The Court understands Willingham to be the only plaintiff since, as a *pro se* litigant, he may not represent others in federal court, *see Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007), and only Willingham signed the SAC. Therefore, this case does not include any claims on behalf of Willingham's girlfriend.

[5] Willingham attached a document that may be a record of a search of his cell phone. (ECF No. 16 at 5.) Nonetheless, the Court does not understand Willingham to be asserting a claim based on the officer's attempt to access the contents of the phone since he does not identify the Defendant who engaged in this conduct.

another person, driving under the influence, and numerous related charges, which remain pending. (*Id.*)

## II. STANDARD OF REVIEW

Because Willingham has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the SAC if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the SAC contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Willingham is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

Willingham asserts constitutional claims for damages against the Defendants, which are brought under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that

4

the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

    A.    **Excessive Force and Conspiracy Claims**

Willingham makes specific allegations that Officers Gilbert, Hiro, and Kuehn used excessive force and assaulted him, and alleges that the police officers, named and unnamed, conspired with each other. (SAC at 8.) His girlfriend and unspecified other officers allegedly witnessed the event, but the officers did nothing to stop it and failed to note the assault in reports. (*Id.*) The Court understands Willingham to be asserting a civil rights conspiracy claim either pursuant to 42 U.S.C. §§ 1983 or 1985, as well as excessive force claims against Gilbert, Hiro, and Kuehn.

The elements of a § 1983 claim of conspiracy to violate federal civil rights are that "(1) two or more persons conspire to deprive any person of [constitutional rights]; (2) one or more of the conspirators performs . . . any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States," and "the conspirators [must] act 'under the color of state law.'" *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 294 (3d Cir. 2018) (quoting *Barnes Foundation v. Township of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001). Section 1985(3) creates a cause of action against any two persons who "conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. . . ." 42 U.S.C. § 1985(3). To state a plausible claim under § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury

5

to person or property or the deprivation of any right or privilege of a citizen of the United States. *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir.1997). Significantly, "'[t]he [statutory] language requiring intent to deprive of equal protection . . . means that there must be some racial . . . invidiously discriminatory animus behind the conspirators' action.'" *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 835 (1983) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Moreover, a plaintiff must allege specific facts in order to sustain a § 1985(3) claim:

> With near unanimity, the courts have rejected complaints containing mere conclusory allegations of deprivations of constitutional rights protected under § 1985(3). A conspiracy claim based upon § 1985(3) requires a clear showing of invidious, purposeful and intentional discrimination between classes or individuals.

*Robinson v. McCorkle*, 462 F.2d 111, 113 (3d Cir. 1972); *see also Grigsby v. Kane*, 250 F. Supp. 2d 453, 458 (M.D. Pa. 2003) ("[O]nly allegations which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and actions taken in furtherance of the conspiracy, will be deemed sufficient.") Finally, like any conspiracy allegation, "to properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010). "[A] bare assertion of conspiracy will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

While Willingham's allegations are brief and he concedes he was face down and could not see the Officers who were beating him, he alleges his girlfriend witnessed the incident and did see other police officers beating him. He also alleges the other officers conspired with Gilbert, Hiro, and Kuehn by not stopping them from engaging in the assault. At the statutory screening stage, his allegations raise a plausible inference that the Defendants are the officers

who used excessive force or conspired to violate his civil rights. *See Jutrowski*, 904 F.3d at 293-96 (discussing excessive force cases in the context of a summary judgment motion in which individual liability was difficult to discern and discussing cases that suggest this decision is more often made in the summary judgment context). These claims will proceed to service.

### B. Property Loss Claim

Willingham's constitutional claim based on the loss of his property is not plausible and will be dismissed because Willingham has a meaningful post-deprivation remedy for this loss. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a [state actor] does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available.'" (quoting *Hudson*, 468 U.S. at 533)). The Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Con. Stat. § 8541, provides "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person," but there are exceptions to this grant of immunity. *See id*. § 8542(b). One such exception is that political subdivisions like the two municipalities that employ the Defendant police officers may be held

> liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):
> (1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and
> (2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

Willingham has a meaningful post-deprivation remedy available under these provisions for his property loss claim in an appropriate state court civil proceeding. Since his criminal proceeding is ongoing, he also has remedies available in that forum, such as moving for return of property after the case has been resolved. Thus, his constitutional claim is not plausible and will be dismissed.

### IV.  CONCLUSION

For the reasons stated, Willingham's property loss claim will be dismissed with prejudice. The Court will direct service of the SAC on the Defendants for a responsive pleading. An appropriate order follows.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

**CYNTHIA M. RUFE, J.**